UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

v.

DARWIN DELEON LAMB,

      Defendant.

_____/

Case No. 93-50094-01

Honorable Nancy G. Edmunds

**OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR REDUCTION OF
SENTENCE PURSUANT TO 18 U.S.C. § 3582(c) [655]**

This matter comes before the Court on motion Defendant's motion for reduction of
sentence brought pursuant to 18 U.S.C. § 3582(c) [ECF No. 655].  Being fully advised in
the premises, having read the pleadings, and for the reasons stated below and in the
government's response [ECF No. 672], Defendant's motion for reduction of sentence is
DENIED.

**I.     Background**

In 1994, Defendant Lamb entered a guilty plea to conspiracy to distribute cocaine and
cocaine base in violation of 21 U.S.C. § 846, and this Court imposed a term of
imprisonment of 360 months.  The Sixth Circuit Court of Appeals affirmed Defendant's
conviction and sentence on appeal.  *See United States v. Lamb*, No. 95-1278, 1996 WL
662898 (6th Cir. Nov. 13, 1996).  Defendant then pursued an unsuccessful 28 U.S.C. §
2255 motion to vacate his sentence and was denied permission to file a second or
successive § 2255 motion.

Amendment 706 to the United States Sentencing Guidelines, reducing the guideline ranges for certain offenses involving cocaine base, took effect on November 1, 2007; and on November 19, 2007, Defendant Lamb filed a motion for reduction of his sentence based on Amendment 706.   This Court denied Defendant's motion, citing the probation department's determination that Defendant was not eligible for a reduction [ECF No. 650]. Defendant did not appeal that decision.

On January 18, 2013, Defendant filed this motion [ECF No. 655] seeking to reduce his sentence, pursuant to § 3582(c)(2), this time citing Amendments 591 and 750 to the Sentencing Guidelines, which took effect on November 1, 2011 and further reduced the guideline range for certain crack cocaine offenses.   The government failed to respond to Defendant's motion, attributing its non-response to confusion over Defendant's filing of multiple § 3582(c) motions.   This Court denied Defendant's motion as moot, stating that it appeared to raise the same arguments addressed in Defendant's earlier § 3582(c) motion [ECF No. 650].

Defendant filed a timely appeal [ECF No. 666].   On appeal, the government agreed with Defendant that his January 18, 2013 motion was not moot because it relied in part on Amendment 750, and it moved to vacate this Court's denial order and asked the Sixth Circuit to the remand the matter back to this Court for consideration.   On December 23, 2013, in an unpublished order, the Sixth Circuit did as the government requested and remanded this matter here for the Court's consideration of Defendant's motion for reduction of sentence.   *See United States v. Lamb*, No. 13-1462 (6th Cir. Dec. 23, 2013).

II.     Analysis

In his motion, Defendant Lamb argues that the combined effect of Amendments 591 and 750 to the Sentencing Guidelines, when applied to his sentence pursuant to guideline 1B1.10 and 18 U.S.C. § 3582(c), would reduce his guideline range to 262-237 months. The government responds that Defendant's calculation conflicts with the Court's records. The Court agrees with the government.

The 1995 presentence report ("PSR") recommended that Defendant be held responsible for 4.139 kilograms of crack cocaine, placing him at level 38. Two levels were added for possession of a firearm and four levels were added for being an organizer of criminal activity involving five or more participants, and two levels were subtracted for acceptance of responsibility; resulting in a total offense level of 42. When combined with his criminal history of IV, the guideline range was 360 months - life imprisonment. [*See* Presentence Report at ¶¶ 24, 29-38, 75.] The Court's Judgment in this criminal matter includes a Statement of Reasons which expressly "adopts the factual findings and guideline application in the presentence report." [ECF No. 303, Judgment at 4.]

Seventeen years after sentencing, Defendant filed a motion to "correct" a clerical error in the PSR by changing the calculation of 4.139 kilograms of crack to 500 grams [ECF No. 646]. This Court denied Defendant's motion: "Having reviewed the sentencing transcript, this Court has determined that there was no clerical error in the presentence report" and did not reduce the amount of crack cocaine as Defendant requested [ECF No. 651].

As to Defendant's current motion and application of Guideline Amendment 591, this Court agrees with the government -- Amendment 591 does not apply here. Although government counsel suggested at sentencing that the Court should add two levels to

Defendant's offense level for distributing cocaine to a person under 18 years of age, the Judgment shows that this Court did not do so.  Accordingly, Guideline Amendment 591 (which limited such an increase to cases in which a defendant has been convicted of violating 21 U.S.C. § 859 or § 861) does not apply and thus fails to support a reduction in Defendant's sentence.

Defendant is correct, however, that Guideline Amendment 750 does apply to his sentence.   Under Amendment 750, which became effective November 1, 2011, Defendant's base offense level for distribution of 4.139 kilograms of crack cocaine ("cocaine base") would be 36, not 38.  *See* U.S.S.G. § 2D1.1(c)(2) (drug quantity table). The two-level increase for possession of a firearm (§ 2D1.1(b)(1)), four-level increase for being an organizer (§ 3B1.1(a)), and two-level decrease for accepting responsibility (§ 3E1.1(a)) do not change.  Thus, Defendant's total offense level, after consideration of Amendment 750, is 40; not 42.  With the same criminal history category of IV, however, his guideline sentencing range remains unchanged at 360 months - life imprisonment.

Under 18 U.S.C. § 3582(c)(2), the Court is precluded from reducing a defendant's sentence unless the sentence was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission."  Defendant's sentencing range has not been lowered by Amendment 750.  Accordingly, Defendant's motion for reduction of his sentence, pursuant to 18 U.S.C. § 3582(c), is DENIED.

## III.   Conclusion

For the above-stated reasons, Defendant's motion for reduction of sentence [ECF No.

655] is DENIED.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated:  March 6, 2014

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 6, 2014, by electronic and/or ordinary mail.

s/Johnetta M. Curry-Williams
Case Manager
Acting In Absence of Carol A. Hemeyer